upon any particular court or officer, and consequently, under the general authority contained in the statute cited, jurisdiction vests in the court of special sessions, and not in the magistrate. My attention has not been called to any law under which the magistrate could summarily proceed. Suggestion has been made of the existence of an ordinance (chapter 531, Ordinances 1897) known as the "Rules of the Road," which regulates the speed of vehicles, and includes motor wagons as vehicles. But it is manifest that the complaint and the conviction were not based upon the ordinance, for it is not mentioned in the return as having been proved before the magistrate, and the penalty imposed was the one prescribed by the statute.

With reluctance do I reach the conclusion that the magistrate had not jurisdiction to hear and determine this charge of misdemeanor, for the safety of the public, imperiled by the reckless driving of motor vehicles through the crowded thoroughfares of this city, would, in my opinion, be best protected by a prompt and salutary exercise of summary power vested in the magistrates. Judgment and conviction reversed.

Judgment reversed.

---

(37 Misc. Rep. 867.)

### SAMUELSON v. PROVIDENCE & S. S. S. CO.

(City Court of New York, General Term. April, 1902.)

CARRIER—REASSUMPTION OF LIABILITY—RETURN OF GOODS NOT CALLED FOR— EVIDENCE—SUFFICIENCY.

In an action to hold a carrier liable for goods which had been shipped to the consignee and stored on his failure to call for them after notification, it was error to submit the issue of defendant's reassumption of liability as a carrier, where the only evidence that the carrier had agreed to return the goods to the consignor was a freight bill, not shown to refer in any way to the goods in question.

Appeal from trial term.

Action by Jacob Samuelson against the Providence & Stonington Steamship Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before McCARTHY and DELEHANTY, JJ

Strong & Cadwalader, for appellant.
L. A. Abrams, for respondent.

McCARTHY, J. This action was brought by the plaintiff against the defendant to recover the value of a case of cloaks belonging to plaintiff, which property it is claimed was delivered by plaintiff to the defendant as a common carrier to one Peter Bedard at Arctic, R. I., and which it is claimed the defendant agreed to recarry from Arctic and return to the plaintiff. The defendant asserts that the case of cloaks in question was received by it as common carrier under a contract to transport the same from New York City to Arctic, R. I.; that the goods were transported in pursuance of this contract to its

destination, and the consignee notified of the arrival of the goods, but that he refused and neglected to call for the same, although notified so to do for a period of more than six months, during all of which time the defendant stood ready and willing to deliver them; and that after the goods had remained for such long period at their destination they were lost, as is alleged, through no negligence on the part of the defendant. It appears that the main issue litigated upon the trial hereof was as to whether or not the plaintiff, about September 6, 1898, delivered to the defendant a certain package of goods consigned to one Peter Bedard at Arctic, R. I., and also whether subsequent thereto, in the month of July following, plaintiff having asked the defendant for a delivery of these goods back to him, and that about August 18 or 19, 1899, he was requested by the defendant to call at their office, where it was claimed they stated that those goods were in store, and that he might receive the very package of goods which plaintiff had shipped and consigned to Peter Bedard on September 6, 1898. These are the main facts essentially out of which this litigation arose. It seems to us that this cause was submitted by the jury upon the assumption of the learned trial justice that there was evidence in the case from which the jury might infer that the defendant, after it had carried the goods to Riverpoint, and assumed the relation of warehouseman with respect to them, again assumed the character and liability of a carrier with respect thereto. In this, we think, the trial justice was clearly in error. There seems to be no evidence in the record before us that the identity of the goods referred to in the receipted freight bill of August 19, 1899, plaintiff's Exhibit D, was the case of cloaks belonging to the plaintiff, and which is the subject of this litigation; and the freight bill itself did not establish their identity; and neither the plaintiff nor any of his witnesses showed that said freight bill referred to the goods sued for herein. But, on the other hand, the defendant has, we think, proven most conclusively that the said receipted freight bill had nothing whatever to do with the goods in suit, and we are of opinion that submitting to the jury the question whether the receipted freight bill of August 19, 1899, referred to the case of cloaks described in the complaint in this action was erroneous, and, inasmuch as it appears that it was upon this issue mainly that this cause was submitted to the jury, it follows that, there being absolutely no proof connecting said freight bill of August 19, 1899, with the goods sued for in this action, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide event.

DELEHANTY, J., concurs.